UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRETT ALAN SHEARD, :
:
          Petitioner :
    vs. : CIVIL NO. 1:CV-15-1222
:
SUPT. TAMMY FERGUSON, *et al.*, : (Judge Caldwell)
:
        Respondents :

*M E M O R A N D U M*

I. *Introduction*

The pro se petitioner, Brett Alan Sheard, an inmate at the state correctional institution in Benner Township, Pennsylvania, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is Sheard's unbriefed motion to stay this case until a state postconviction petition he filed in August 2015 is resolved. (Doc. 14, Letter/Motion Requesting Stay).

There is no need to stay a petition that must be dismissed because it is untimely. *See Champney v. Beard*, No. 04-CV-502, 2005 WL 3179987 at *2 (M.D. Pa. Nov. 29, 2005)(Caldwell, J.). We note that in their response to the petition Respondents argue in part that it is time-barred. (Docs. 10 and 11). We will therefore address the timeliness of the petition before resolving Petitioner's request for a stay. For the reasons that follow, the court finds Sheard's petition is timely. However, before reaching the stay issue, we will require Petitioner to file a brief in support of his request for a stay.

II.     *Background on the Limitations Issue*

The following information is gleaned from the Petition, and Sheard's trial-court criminal docket, *Commonwealth v. Sheard*, CP–64-CR-0130-2009 (Pa. Ct. Com. Pl. Wayne Cnty.).[1] On March 4, 2010, Sheard pled guilty to Involuntary Deviate Sexual Intercourse with a child, Indecent Assault of a person less than 13 years of age, and Incest. He was classified as a sexually violent predator pursuant to Megan's Law and sentenced to 16 to 35 years in a state correctional institution.

On November 24, 2010, the Pennsylvania Superior Court affirmed the conviction on direct appeal. Sheard did not take an appeal to the Pennsylvania Supreme Court. *See Commonwealth v. Sheard*, 1003 EDA 2010 (Pa. Super.).

Sheard then filed a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. Ann. § 9541, *et seq.*, on May 19, 2011. The Wayne County Court of Common Pleas denied the petition on November 6, 2013. The Superior Court of Pennsylvania affirmed the trial court's order on November 12, 2014. *See Commonwealth v. Sheard*, 3366 EDA 2013 (Pa. Super.).

Sheard filed a second PCRA petition with the common pleas court on December 23, 2014. The court denied Sheard's request for appointment of counsel on December 24, 2014, but did not rule on the PCRA petition. Sheard has not filed an appeal concerning his second PCRA petition.

Sheard filed the instant habeas corpus petition on June 15, 2015. (Doc. 1, Pet.) Respondents filed a response and supporting brief on September 24, 2015, arguing

---

[1] The criminal docket is available through the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us.

that Sheard's habeas petition is time-barred, or alternatively, that he failed to exhaust his state-court remedies on the claims raised in the Petition. (Docs. 10 and 11.)

In the interim, on August 3, 2015, Sheard filed a third PCRA petition in the common pleas court. He states that this PCRA petition raises grounds set forth in the instant federal habeas petition. (Doc. 1, ECF pp. 9-10). That PCRA petition remains pending on the trial court's docket.

III.   *Discussion*

    A.   *Relevant Law on the Statute of Limitations*

A petitioner confined under a state-court judgment has one year to file a 2254 petition challenging that judgment. *See* 28 U.S.C. §2244(d)(1). As relevant here, the limitations period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* This language applies to the right to seek certiorari review in the United States Supreme Court and means that the judgment does not become final until the ninety-day period for seeking such review expires, even if review is not sought. *Morris v. Horn,* 187 F.3d 333, 337 n.1 (3d Cir. 1999).

The one-year federal limitations period is subject to statutory tolling. Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); 28 U.S.C. § 2244(d)(2). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing."

*Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)(where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)").  An untimely petition for allowance of appeal, filed *nunc pro tunc,* with the Pennsylvania Supreme Court is not "properly filed." *See Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004).

B.     *The Petition Is Timely*

The superior court denied Sheard's direct appeal on November 24, 2010, so his conviction became final on December 27, 2010, the expiration of the time for taking an appeal to the Pennsylvania Supreme Court.[2]  One hundred and forty three days later Sheard filed his first, timely, PCRA petition on May 19, 2011, thereby tolling the statute of limitations.  The superior court affirmed the denial of that PCRA petition on November 12, 2014.  He had thirty days, or until December 15, 2014, to appeal to the supreme court, but did not do so.  At that point, his federal limitations period started to run again, with 222 days left, or until July 27, 2015, to file his habeas petition.  Since he filed the petition on July 15, 2015, with twelve days remaining, it was timely.

Here, in arguing that Sheard's 2254 petition is untimely, Respondents contend that the petition is "four years too late," as his "judgment became final in 2010 upon verdict of the Pennsylvania Supreme Court affirming his conviction." (Doc. 11, ECF

---

[2] Sheard had thirty days to appeal.  *See* Pa. R. App. P. 1113(a).  The last day of this period fell on December 25, 2010, a Saturday that was also a legal holiday.  This extended the appeal period to Monday, December 27, 2010.  *See* Pa. R. Crim. P. 101(C); 1 Pa. Cons. Stat. Ann. § 1908 (computation of the last day of a time period excludes Saturday, Sunday, and federal and state holidays).

p. 5). Respondents add that "there was no impediment to filing an application created by the State, nor was any constitutional right subsequently recognized by the Supreme Court." (*Id.*). Respondents are mistaken. There is no evidence that Sheard filed an appeal to the state supreme court, and the argument is contrary to the procedural history of the case.

Having established Sheard's Petition is timely filed, we address the stay issue.

C.  *Sheard's Request to Stay the Petition*

Sheard may be presenting a mixed petition, one that presents exhausted and unexhausted claims. Relief cannot be granted on a mixed petition, *see Rhines v. Weber*, 544 U.S. 269, 274, 125 S.Ct. 1528, 1533, 161 L.Ed.2d 440 (2005), so *Rhines* approved the protective filing of such a petition and then staying it while the petitioner presents his unexhausted claims in state court. This procedure allows the petitioner to exhaust his state-court remedies on all his claims without the risk of being time-barred on a new federal petition, which might result if the first one had been dismissed (rather than stayed) thereby requiring the petitioner to file a new petition.

The court has discretion to grant a stay but should not stay a mixed petition routinely; this would frustrate one of the goals of the statute of limitations, "to 'reduce delays in the execution of state and federal criminal sentences, particularly in capital cases.'" *Id.* at 276, 125 S.Ct. at 1534 (quoted case and internal quotation marks omitted). Generally, a stay should be granted only when there was good cause for the petitioner's failure to exhaust his claims first in state court, the unexhausted claims are meritorious,

and the petitioner did not intentionally engage in dilatory litigation tactics. *Id.* at 277, 125 S.Ct. at 1535. Good cause may be shown if the amount of time left in the limitations period creates the risk that a petitioner may not be able to file a timely 2254 petition after exhaustion of state-court remedies. *Heleva v. Brooks*. 581 F.3d 187, 192 & n.3 (3d Cir. 2009); *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013)(nonprecedential).

As noted, Petitioner did not brief his motion for a stay. We will grant him time to file a brief in support.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: October 19, 2015