UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT ALAN SHEARD, | : | |
| | : | |
| Petitioner | : | |
| vs. | : | CIVIL NO. 1:CV-15-1222 |
| | : | |
| SUPT. TAMMY FERGUSON, *et al.*, | : | (Judge Caldwell) |
| | : | |
| Respondents | : | |

*M E M O R A N D U M*

I.  *Introduction*

The pro se petitioner, Brett Alan Sheard, an inmate at the State Correctional Institution in Benner Township, Pennsylvania, filed this habeas action pursuant to 28 U.S.C. § 2254. (Doc. 1, Pet.) Respondents assert the petition is time-barred and, in the alternative, argue that Petitioner has failed to exhaust his state-court remedies on the claims raised. (Docs. 10 and 11). Presently before the court is Sheard's motion to place his case on "hold" until his August 2015 state postconviction petition is resolved. (Doc. 14, Unbriefed Letter/Motion Requesting Stay).

For the reasons that follow, Sheard's motion to stay these proceedings will be granted.

II.   *Background*

The pertinent background is as follows.[1]  On March 4, 2010, Sheard pled guilty in the Court of Common Pleas of Wayne County, Pennsylvania, to Involuntary Deviate Sexual Intercourse with a child, Indecent Assault of a person less than 13 years of age, and Incest.   He was classified as a sexually violent predator pursuant to Megan's Law and sentenced to 16 to 35 years' imprisonment.

On November 24, 2010, the Pennsylvania Superior Court affirmed the conviction on direct appeal.  Sheard did not take an appeal to the Pennsylvania Supreme Court.  *See Commonwealth v. Sheard*, 1003 EDA 2010 (Pa. Super. Ct.).

Sheard then sought collateral relief via an action filed pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. Ann. § 9541, *et seq.*, on May 19, 2011.  The trial court denied the petition on November 6, 2013.  The superior court affirmed the trial court's decision on November 12, 2014.  *See Commonwealth v. Sheard*, 3366 EDA 2013 (Pa. Super.).

Sheard filed a second PCRA petition with the trial court on December 23, 2014.  That petition also requested appointment of counsel, a request the court denied on December 24, 2014.  Before that petition was resolved, on August 3, 2015, Sheard filed a third PCRA petition.  On October 30, 2015, the trial court entered the following order: "a Stay of proceedings is ENTERED pending the decision of the Supreme Court of Pa. in *Com. v. Wolfe.*"  Doc. 23, ECF p. 11.  Wolfe concerns the constitutionality of the

---

[1]  The information is gleaned from the Petition, and Sheard's criminal docket, *Commonwealth v. Sheard*, CP–64-CR-0130-2009 (Wayne Cnty. Ct. Com. Pl.), available through the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us.

mandatory minimum sentencing provisions of 42 Pa. Cons. Stat. Ann. § 9718 in light of the United States Supreme Court's holding in *Alleyne v. United States,* ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.314 (2013).[2]  To date, the trial court has not issued an order resolving Sheard's second or third PCRA petitions or lifting the stay in his case.

Sheard filed the instant habeas petition on June 15, 2015.  (Doc. 1, Pet.) Respondents filed a response and supporting brief on September 24, 2015, suggesting that the petition was time-barred, or alternatively, that he had failed to exhaust his state-court remedies on the claims raised.  (Docs. 10 and 11).  Respondents suggest that Sheard's Petition is "four years too late," as his "judgment became final in 2010 upon verdict of the Pennsylvania Supreme Court affirming his conviction.  Further, there was no impediment to filing an application created by the State, nor was any constitutional right subsequently recognized by the Supreme Court."  (Doc. 11, ECF p. 5).  According to Sheard, his third PCRA petition raises the same grounds set forth in the instant federal habeas petition.  (Doc. 1, ECF pp. 9-10).

III. *Discussion*

    A. *Timeliness of the 2254 Petition*

A petitioner confined under a state-court judgment has one year to file a 2254 petition challenging the judgment.  *See* 28 U.S.C. §2244(d)(1).  As relevant here, the limitations period runs from the "date on which the judgment became final by the

---

[2] Section 9718 addresses mandatory sentences for offenses against infant persons.   On August 12, 2015, the Pennsylvania Supreme Court granted the Commonwealth's Petition for Allowance of Appeal in *Wolfe*.  *See Commonwealth v. Wolfe*, 121 A.3d 433 (Pa. 2015).

conclusion of direct review or the expiration of the time for seeking such review." *Id.* This language applies to the right to seek certiorari review in the United States Supreme Court and means that the judgment does not become final until the ninety-day period for seeking such review expires, even if review is not sought. *Morris v. Horn,* 187 F.3d 333, 337 n.1 (3d Cir. 1999).

The one-year federal limitations period is subject to both statutory and equitable tolling. Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); 28 U.S.C. § 2244(d)(2). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)(where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)").[3]

Here, Respondents state Sheard's Petition is "four years too late," as his "judgment became final in 2010 upon verdict of the Pennsylvania Supreme Court affirming his conviction. Further, there was no impediment to filing an application created by the State, nor was any constitutional right subsequently recognized by the Supreme Court." (Doc. 11, ECF p. 5). The Respondents' timeliness argument is undercut by the state

---

[3] The limitations period may also be subject to equitable tolling. See *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). There is also an equitable exception when the petitioner claims to be actually innocent. *See McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). However, we need not deal with these exceptions here.

courts' records.   First, there is no evidence to suggest Sheard ever filed an appeal with the state supreme court.  *See* https://ujsportal.pacourts.us.  Second, Sheard filed several PCRA petitions, at least one of which was timely and appealed to superior court.  Thus, he would be entitled to some statutory tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2), as we show below.

Sheard's conviction became final on or about December 27, 2010, so he had until December 27, 2011, to file a timely 2254 petition.[4]  One hundred and forty-three days passed until, according to Sheard's criminal docket, he filed his first PCRA petition on May 19, 2011.  The PCRA generally requires that any PCRA petition be filed within one year after the conviction becomes final, 42 Pa. Con. Stat. Ann. § 9545(b)(1), so the PCRA petition was timely.  As it was timely filed, it tolled the one-year statute of limitations for filing a 2254 petition while the PCRA proceedings were pending in the state courts.  The superior court affirmed the denial of Sheard's first PCRA petition on November 12, 2014.  He had thirty days, or until December 15, 2014, to appeal to the supreme court.  From the latter date, he also had 222 days left in his 2254 limitations period, or until July 27, 2015, to file his habeas petition.  As he placed his habeas petition in the prison mailbox for mailing on July 15, 2015, his petition was timely filed, twelve days before the deadline.

---

[4] The superior court affirmed Sheard's judgment and sentence on November 24, 2010. Sheard had thirty days to appeal that decision to the Pennsylvania Supreme Court.  *See* Pa. R. App. P. 1113(a).  The thirty-day period expired on December 25, 2010, but that was a Saturday and a holiday in Pennsylvania.  Weekends and state holidays are not counted in calculating the filing deadline.  *See* Pa. R.Crim. P. 101(C); 1 Pa.Cons. Stat. Ann. § 1908 (computation of the last day of a time period excludes Saturday, Sunday, and federal and state holidays).  Accordingly, Sheard had until Monday, December 27, 2010, to file an appeal, and his conviction became final on that date.

B.   *Sheard's Request to Stay the Petition*

The stay and abeyance procedure stays a federal habeas petition pending exhaustion of state remedies by the petitioner.  *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).  While granting a stay and abeyance is an available procedure, it is not a preferred course of action.  *Id.*  Because a "stay and abeyance" procedure, if used too frequently, can undermine the policies favoring prompt and orderly resolution of state habeas petitions, the Supreme Court has stated that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  *Rhines,* 544 U.S. at 277, 125 S.Ct. at 1535.  The Supreme Court did not limit the authority to grant a stay to specific scenarios; rather, the district court must determine whether the petitioner "satisfied the three requirements for a stay as laid out in *Rhines*: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics."  *Heleva v. Brooks.* 581 F.3d 187, 192 (3d Cir. 2009).

The trial court has stayed Sheard's second and third PCRA petitions because it believes the Pennsylvania Supreme Court's decision in the *Wolfe* case may impact those petitions.  The same issue appears to be presented in the instant petition.  There is no indication Petitioner has been intentionally dilatory.  It thus appears a stay is appropriate.

An appropriate order follows.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date:  January 8, 2016